IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| CHRISTOPHER PRESTON, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a foreign for profit corporation; and HOME DEPOT, INC. a foreign for profit corporation,<br><br>    Defendants. | NO. 2:22-cv-00439<br><br>DEFENDANTS' NOTICE OF REMOVAL<br><br><br>JURY DEMAND OF TWELVE |

**TO:    Clerk of the United States District Court for the Western District of Washington**

**at Seattle:**

Please take note that Defendants Home Depot U.S.A., Inc. and Home Depot, Inc. (hereinafter "Home Depot") hereby removes to this Court the State action described below in accordance with 28 U.S.C. §§ 1332, 1441, and 1446.

//

//

//

DEFENDANTS' NOTICE OF REMOVAL
(CAUSE NO. 2:22-cv-00439) – Page 1

## I.    STATE COURT ACTION

1.    The State Court action to be removed *Christopher Preston v. Home Depot U.S.A., Inc. et al.*, Snohomish County Washington Superior Court No. 21-2-05214-31. (Plaintiff's Complaint – **Exhibit A**.)

## II.    TIME FOR REMOVAL

2.    Plaintiff originally filed his lawsuit in Snohomish County Superior Court on November 5, 2021.  Plaintiff named Home Depot and Jaaron Lauterbach as defendants. Plaintiff alleged that Mr. Lauterbach was the Store Manager at the time of the incident outlined in Plaintiff's Complaint.  (*See Declaration of Kelsey L. Shewbert,* ¶3).  On February 24, 2022, Mr. Lauterbach filed a CR 12(b)(6) motion for failure to state a claim for relief in Snohomish County Superior Court.  *Id* at ¶4.  On March 25, 2022, the Snohomish County Superior Court granted Mr. Lauterbach's CR 12(b)(6) motion to dismiss for failure to state a claim for relief.  *Id* at ¶5.  Thus, complete diversity existed as of March 25, 2022.  Home Depot therefore has until April 24, 2022, or thirty days from which it was first ascertained that the case is one which has become removable to this Federal District Court by an amended pleading, motion or other paper to remove this matter.  28 U.S.C. § 1446(b)(3).

## III.    BASIS FOR REMOVAL

3.    A party may seek removal of a State Court action where the amount in controversy exceeds $75,000 and the action is between citizens of different states.  28 U.S.C. § 1332(a)(1).

DEFENDANTS' NOTICE OF REMOVAL
(CAUSE NO. 2:22-cv-00439) – Page 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### A.    <u>Amount in Controversy</u>

4.    Where it is not factually evident from the complaint that the amount in controversy exceeds $75,000, the moving party is to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

5.    The preponderance of the evidence standard was recently re-affirmed in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758.  According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and  'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it."  H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met."  *Id.* at 16.

6.    It is "facially apparent" from the nature of the claims alleged, and more likely than not from the types of damages sought, that the amount in controversy exceeds $75,000, exclusive of interests and costs.  See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Del Real v. HealthSouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001) (where state court complaint does not specify amount in controversy, removing defendant need only provide evidence establishing that it is more likely than not that the

DEFENDANTS' NOTICE OF REMOVAL
(CAUSE NO. 2:22-cv-00439) – Page 3

amount in controversy exceeds the federal jurisdictional requirements; to determine subject matter jurisdiction, the court may entertain extrinsic evidence, weigh evidence, and if necessary resolve factual disputes); see also *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (concluding that complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks damages for alleged "serious and life-threatening medical conditions" due to use of prescription medicine); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding it facially apparent that the amount in controversy was met in slip-and-fall case by allegations of injuries to wrist, knee, patella, and back, and alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement).

7.      Similar damage allegations personal injury cases have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional requirement.  See, e.g., *Easterling v. SmithKline Beecham Corp.*, No. 2:05 CV 35 KS-KMR, 2006 WL 1581322 (S.D. Miss. 2006) (in pharmaceutical/personal injury case, where plaintiff alleged serious and permanent injuries, mental anguish, medical expenses, loss of earnings and future earnings, pain and suffering, and sued for compensatory and punitive damages, it was facially apparent from face of complaint that plaintiff's damages allegations exceeded jurisdictional threshold of the court; motion for remand denied); accord *Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704, 709-712 (S.D. Miss. 2004).

8.      Plaintiff alleges that, on or about June 1, 2019, Plaintiff was injured at a Home Depot store in Everett, WA.  Ex. A ¶3.2-3.8.  Plaintiff alleges that as a result of the incident,

DEFENDANTS' NOTICE OF REMOVAL
(CAUSE NO. 2:22-cv-00439) – Page 4

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

he tore his distal bicep tendon.  Ex. A ¶3.8.  Plaintiff seeks damages for all past and future physical injury , past and future surgical and/or medical expenses, out of pocket expenses, past and future pain and suffering, mental anguish and emotional distress, including loss of consortium and loss of ability to enjoy life and  lost income and loss of earning capacity. Ex. A ¶5.2 – 5.5.

9.      Furthermore, a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.  *See Cohn v. PetSmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002); *Chase v. Shop `N Save Warehouse Foods, Inc.,* 110 F.3d 424, 428-30 (7th Cir.1997) (plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir.1994) (while a "settlement offer, by itself, may not be determinative, it counts for something"); *Wilson v. Belin,* 20 F.3d 644, 651 n. 8 (5th Cir.1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is `apparent' that removal was proper.").  In the present case, on May 20, 2021, Plaintiff sent a demand in the amount of $850,000.00, which included $36,964.18 in past medical specials and $12,668.13 in out of pocket expenses . *See Declaration of Kelsey L. Shewbert, ¶6.*

10.     A reasonable person would conclude that Plaintiffs are seeking damages in excess of $75,000.   That is, Plaintiff filed his Complaint in the Superior Court.   In Washington, the Superior Court has jurisdiction for claims seeking $100,000 or more while claims of less than $100,000 are filed in the State District Courts.  RCW 2.08.010; 3.66.020; CR 101(a).

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

11.     Therefore, it is apparent from the face of Plaintiff's Complaint that Plaintiff is alleging damages in excess of $75,000.

**B.     <u>Diversity of Citizenship</u>**

12.     This is a personal injury action arising from damages allegedly sustained by Plaintiff while shopping at a Home Depot store in Everett, Washington.

13.     Plaintiff's Complaint states that at all times material hereto, Plaintiff was and is a resident of Snohomish County, Washington, and is therefore a Washington citizen.   Ex. A, ¶1.1.

14.     Defendant Home Depot U.S.A., Inc. is a corporation incorporated in the State of Delaware with its principal place of business in the State of Georgia.   *See Declaration of Kelsey L. Shewbert,* ¶7.    For the purpose of removal based on diversity jurisdiction, Home Depot is a citizen of the states of Delaware and Georgia.   28 U.S.C. § 1332(C)(1); *Hertz Corp v. Friend*, 559 US 77 (2010).

15.     Defendant Home Depot, Inc. is a corporation incorporated in the State of Delaware with its principal place of business in the State of Georgia.   *See Declaration of Kelsey L. Shewbert,* ¶8.    For the purpose of removal based on diversity jurisdiction, Home Depot is a citizen of the states of Delaware and Georgia.   28 U.S.C. § 1332(C)(1); *Hertz Corp v. Friend*, 559 US 77 (2010).

## IV.     <u>REQUIRED DOCUMENTS</u>

16.     Home Depot will promptly file a copy of this Notice with the Clerk of the Snohomish County Superior Court and will give written notice to all adverse parties.   28 U.S.C. § 1446(d).

DEFENDANTS' NOTICE OF REMOVAL
(CAUSE NO. 2:22-cv-00439) – Page 6

17.     Within fourteen days of this Notice, Home Depot will file with the District Court of Washington black-on-white copies of all additional records and proceedings in the State Court, together with counsel's verification that these are true and complete copies of all records and proceedings if there are additional documents which were not filed with this notice of removal.  Local Rule W.D. Wash. 101(c).

18.     In accordance with 28 U.S.C. § 1446(a) and Local Rule W.D. Wash. 101(b), attached are the following documents which have been served on Home Depot: **Exhibit A** – the Complaint; **Exhibit B** – Summons; **Exhibit C** – Notice of Appearance; **Exhibit D** – Home Depot U.S.A., Inc. and Home Depot, Inc.'s Answer to Complaint; **Exhibit E** –  Jaaron Lauterbach's Motion to Dismiss; **Exhibit F** – Plaintiff's Motion to Continue CR 12(b)(6) Motion; **Exhibit G** – Declaration of Kirk Davis in Support of Plaintiff's Motion to Continue CR 12(b)(6) Motion; **Exhibit H** – Plaintiff's Re-Noted Motion to Continue CR 12(b)(6) Motion; **Exhibit I** – Declaration of Kirk Davis in Support of Plaintiff's Re-Noted Motion to Continue CR 12(b)(6) Motion; **Exhibit J** – Plaintiff's Response to Motion to Dismiss; **Exhibit K** – Declaration of Kirk Davis in Support of Plaintiff's Opposition Motion to Dismiss; **Exhibit L** – Defendant's Opposition to Plaintiff's Motion to Continue CR 12(b)(6) Motion; **Exhibit M** – Defendant's Reply in Support of Motion to Dismiss; **Exhibit N** – Plaintiff's Reply in Support of Motion to Continue CR 12(b)(6) Motion; **Exhibit O** – Order Denying Plaintiff's Motion to Continue CR 12(b)(6) Motion; and **Exhibit P** – Order Granting Defendant's Motion to Dismiss.

//

//

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

## V.      **JURY DEMAND**

19.      As permitted by Fed. R. Civ. P.  38, Fed. R. Civ. P. 81(c)(3), and Local Rules 38(b) and 101(e), Home Depot demands a jury of twelve (12).

## VI.      **INTRADISTRICT ASSIGNMENT**

20.      This matter should be assigned to the Seattle Division as the case removed from state court will be assigned according to the county where the action is pending.  Local Rule W.D. Wash. 3(e).

WHEREFORE, Defendant Home Depot requests that the above action, *Christopher Preston v. Home Depot U.S.A., Inc. et al.*, Snohomish County Washington Superior Court No. 21-2-05214-31, be removed to the United States District Court for the Western District of Washington at Seattle.

DATED this 5th day of April, 2022.

HOLT WOODS & SCISCIANI LLP

By *s/ Kelsey L. Shewbert*
By *s/ Kaytlin L. Carlson*
     Kelsey L. Shewbert, WSBA No. 51214
     kshewbert@hwslawgroup.com
     Kaytlin L. Carlson, WSBA No. 52606
     kcarlson@hwslawgroup.com
Attorneys for Defendants

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA  98101
P: (206) 262-1200  F: (206) 223-4065

CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington, that the following is true and correct:

I am employed by the law firm of Holt Woods & Scisciani LLP.

At all times hereinafter mentioned, I was and am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the date set forth below I served the document(s) to which this is attached, in the manner noted on the following person(s):

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| **CO /Plaintiff**<br>Kirk C. Davis<br>Law Office of Kirk C. Davis<br>1218 Third Avenue, Suite 1518<br>Seattle, WA 98101<br>kirk@kirkdavislaw.com | ☒ **Via U.S. Mail**<br>☒ **Via E-Mail**<br>☐ **Via Messenger Service**<br>☒ **Via CM/ECF Service** |

DATED this 5th day of April, 2022 in Seattle, Washington.

*s/Christie Kramer*
Christie Kramer, Legal Assistant

DEFENDANTS' NOTICE OF REMOVAL
(CAUSE NO. 2:22-cv-00439) – Page 9

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065