1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER PRESTON, | CASE NO. 2:22-cv-00439-LK |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND GRANTING DEFENDANT'S MOTION TO SEAL |
| v. | |
| HOME DEPOT USA, INC., et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Christopher Preston's Motion to Compel, Dkt. No. 34, which Defendant Home Depot USA, Inc. opposes, Dkt. No. 40, as well as Home Depot's Motion to Seal, Dkt. No. 39. For the reasons discussed below, the Court denies Preston's motion to compel and grants Home Depot's motion to seal.

## I.   BACKGROUND

Preston initiated this action in Snohomish County Superior Court in November 2021, alleging that he tore his bicep when he slipped and fell inside a Home Depot store on June 1, 2019.

1    Dkt. No. 1-1 at 2–4; *see also* Dkt. No. 35 at 1–2; Dkt. No. 36-1 at 2.[1] In April 2022, Home Depot

2    removed the action to federal district court. Dkt. No. 1. Following several stipulated continuances,

3    the discovery deadline is currently October 18, 2024. *See* Dkt. Nos. 20, 25, 28, 30.

4          On June 4, 2024, Preston moved to compel Home Depot to respond to his requests for

5    production and interrogatories "relating to the maintenance and replacement of the security camera

6    which recorded [his] accident." Dkt. No. 34 at 1. In August 2022, Home Depot responded to

7    Preston's initial request for "all the photographs, film, videotape or other audiovisual records

8    related to this occurrence" by stating that it "does not have any photographs, film, videotape or

9    other audiovisual records related to this occurrence in its possession custody or control." Dkt. No.

10   36-3; *see also* Dkt. No. 36-4 at 2 (April 12, 2024 email from Home Depot's counsel indicating

11   same). On May 22, 2024, Home Depot responded to Preston's third set of interrogatories and

12   requests for production and affirmed that "there was no camera that captured [the] alleged

13   incident." Dkt. No. 36-6 at 3; *see also id.* at 4–6 (same). However, Preston avers that when he

14   returned to the Home Depot store the day after his injury to fill out an incident report, he noticed

15   a security camera above the aisle where he fell, and that the manager told him that "she would

16   make sure that the footage was archived and saved." Dkt. No. 35 at 2; *see also* Dkt. No. 36-2 at 3

17   (Home Depot form indicating that the incident was "captured on CCTV"). Preston's counsel

18   likewise avers that he visited the store on March 30, 2024 and took a photo of "the camera mount"

19   above the aisle in question. Dkt. No. 36 at 2; *see* Dkt. No. 36-5 at 2 (counsel's photograph). Preston

20   also seeks $3,925 in attorney's fees under Federal Rule of Civil Procedure 37. Dkt. No. 34 at 5–6.

---

[1] Preston sued both Home Depot USA, Inc. and Home Depot, Inc., Dkt. No. 1-1 at 2–3, but Home Depot represents that Home Depot USA, Inc. is the proper defendant because Home Depot, Inc. "does not own or operate the store in question and had no involvement in the subject incident," Dkt. No. 40 at 1 n.1. In addition, Preston initially named Jaaron Lauterbach as a co-defendant and manager of the store where he slipped and fell, but Lauterbach successfully moved in state court to dismiss the claims against him. *See* Dkt. No. 1-1 at 3; Dkt. No. 1-16 at 2–3; Dkt. No. 2 at 2.

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND GRANTING DEFENDANT'S MOTION TO SEAL - 2

Home Depot opposes Preston's motion, arguing that "there is nothing to compel at all because there was no CCTV camera in the location where the incident occurred," and that "[f]or the same reason," there are no documents or identities to produce concerning the repair, removal, maintenance, or replacement of "the non-existent CCTV camera." Dkt. No. 40 at 2 (emphasis omitted). In support of its position, Home Depot submits the sealed declaration of David Henderson, an asset protection manager for the company. Dkt. No. 43. Henderson attests that some in-store security camera domes are "dummy domes" and do not have cameras inside but are instead used "solely for theft deterrence," and that "employees, including the store managers, do not 'know exactly where cameras are located or which domes are dummy domes.'" Dkt. No. 40 at 3–4 (quoting Dkt. No. 43 at 2–3). Henderson further avers, under penalty of perjury, that "on the date of the incident, June 1, 2019, there was no CCTV camera that captured the area where the Incident took place." *Id.* at 4 (quoting Dkt. No. 43 at 3). Accordingly, Home Depot states that the store manager who filled out the incident form when Preston returned the day after his injury "[p]resumably . . . saw the dummy dome at that location and made the same faulty assumptions that [Preston] and his counsel have made here." *Id.* at 5.

On reply, Preston argues that "[i]f the camera was a simulation, [he] is entitled to documentation supporting that fact." Dkt. No. 44 at 2; *see also id.* ("Even if the camera was a simulation, it still, at the very least, was ordered and then installed by Defendant. Plaintiff has the right to those documents establishing it is a simulation in order to verify that it is in fact a simulation."). Moreover, Preston contends that he has the right to depose Henderson and to ask him about any such documents (or the lack thereof). *Id.*

## II.   DISCUSSION

The Court first addresses Home Depot's motion to seal before turning to Preston's motion to compel.

1    **A.      Home Depot's Motion to Seal is Granted**

2            Home Depot moves to seal its response to Preston's motion as well as Henderson's

3    declaration due to the "confidential and proprietary information" they contain about Home Depot's

4    CCTV system. Dkt. No. 39 at 2; *see* Dkt. Nos. 42–43. Specifically, Home Depot argues that

5    information regarding "the exact location of cameras and the angles captured by the cameras, and

6    which domes have cameras in them," is "highly confidential," and that public disclosure of such

7    information "would show the areas and blind spots not covered by cameras, which then could be

8    used by potential criminals, including shoplifters, to commit crimes and fraudulent activities on

9    the premises[.]" Dkt. No. 39 at 2. Preston did not file an opposition to this request.[2]

10           Courts have recognized a "general right to inspect and copy public records and documents,

11   including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172,

12   1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

13   Accordingly, when a district court considers a sealing request, "a strong presumption in favor of

14   access is the starting point." *Id.* (cleaned up). This presumption, however, "is not absolute and can

15   be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto.*

16   *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *San Jose Mercury News, Inc. v. U.S. Dist.*

17   *Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)). Where, as here, the motion and its attachments are only

18   tangentially related to the merits of the case, the party seeking to seal the records need only show

19   good cause to meet this standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097

20   (9th Cir. 2016) (citing *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213–

21   14 (9th Cir. 2002); *Foltz*, 331 F.3d at 1135).

22

---

23   [2] Counsel for Home Depot represents that he was unable to reach counsel for Preston in advance of filing the motion
     to seal because they were out of the office. *Id.* at 1. Home Depot's motion otherwise complies with Local Civil Rule

24   5(g). *See id.* at 3–4. However, the Court cautions that conferring in advance is a prerequisite to sealing under that rule,
     and it will deny future motions to seal that fail to meet this prerequisite.

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND GRANTING DEFENDANT'S MOTION TO
SEAL - 4

Additionally, in the Western District of Washington, parties moving to seal documents must comply with the procedures established by Local Civil Rule 5(g). Under that rule, the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B).

For the reasons stated in Home Depot's motion, Dkt. No. 39 at 2–4, and in light of Preston's non-opposition, the Court concludes that Home Depot has demonstrated good cause to seal its unredacted response to Preston's motion to compel and Henderson's declaration, *see, e.g.*, *Johnson v. E. Coast Waffles*, No. 6:18-CV-608-JA-LHP, 2023 WL 6621050, at *2 (M.D. Fla. Oct. 11, 2023) (granting unopposed motion to seal information that would "reveal[] the placement and location of all security cameras at the subject restaurant"); *cf.* Fed. R. Civ. P. 26(c)(1)(G) (permitting, for good cause shown, a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way"). Therefore, it is appropriate to keep Docket Numbers 42 and 43 under seal.

**B.    Preston's Motion to Compel is Denied**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). In evaluating a disputed discovery request, the Court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Materials need not be admissible in evidence to be discoverable. *Id.* Information is relevant if it is "reasonably calculated to lead to the discovery

of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)). This Court has broad discretion to decide whether to compel disclosure. *Id.*; *see also Phillips*, 307 F.3d at 1211.

Here, Preston argues that "Home Depot has repeatedly responded that the accident was not captured by Home Depot's security cameras without providing any evidence of that assertion" or explaining "how the accident was not recorded" by the aisle's security camera. Dkt. No. 34 at 4. Preston claims that he "is entitled to establish facts surrounding Home Depot's . . . security camera [in the subject aisle], including when and why it was removed and whether it was functioning on June 1, 2019," and "to identify and speak to the witnesses who worked on the cameras." *Id.* at 5. Even after receiving Henderson's declaration, Preston maintains that he "still has zero documentation relating to the camera above [the aisle in question]." Dkt. No. 44 at 2. Certainly, Henderson's sworn declaration constitutes documentation and evidence supporting Home Depot's assertion that no camera captured the alleged incident. And while the Court agrees that it should have been unnecessary for Preston to have had to file a motion to compel to receive this information, both parties' counsel have submitted email correspondence suggesting that better cooperation and communication could have likely resolved this issue without the need for court intervention. *See* Dkt. No. 36-4 at 2; Dkt. No. 41-1.

In any event, the Court recently granted the parties' stipulated motion to continue the trial date and remaining pretrial deadlines, which extended the discovery deadline to October 18, 2024. Dkt. No. 45 at 1. Thus, if Preston plans to depose Henderson or the store manager who indicated in June 2019 that CCTV cameras captured the incident, there is still time to do so. However, the Court does not have any indication that Home Depot possesses additional information or documentation beyond what has already been provided to Preston in the discovery responses at

issue and in Henderson's declaration, and the Court cannot compel Home Depot to produce or disclose that which does not exist. *See, e.g.*, *Alphonsis v. Century Reg'l Det. Facility*, No. CV-17-03650-ODW (DFM), 2020 WL 11025946, at *2 (C.D. Cal. Oct. 28, 2020); *Boyd v. Etchebehere*, No. 1:13-01966-LJO-SAB (PC), 2017 WL 1278047, at *3 (E.D. Cal. Jan. 13, 2017); *Doty v. PPG Indus., Inc.*, No. C14-5704 BHS, 2015 WL 8212861, at *2 (W.D. Wash. Dec. 8, 2015). Nevertheless, the Court cautions Home Depot that it must supplement its disclosures if such documentation or information is discovered, *see* Fed. R. Civ. P. 26(e)(1)(A), and that if such information is discovered, Preston may renew his motion for sanctions, *see* Fed. R. Civ. P. 37(c).

Last, the Court encourages both parties to work cooperatively during the remainder of the discovery period and to endeavor to resolve any disputes without court intervention. *See* LCR 37(a)(1).

## III.  CONCLUSION

For the foregoing reasons, Preston's motion to compel is DENIED, Dkt. No. 34, and Home Depot's motion to seal is GRANTED, Dkt. No. 39.


Dated this 5th day of July, 2024.


Lauren King
United States District Judge